FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 16 2004

JAMES R. LARSEN, CLERK
_____ DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GENE CAMARATA,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF ELLENSBURG, SCOTT WILLIS, NELSON NG, ANNE KIRKPATRICK, KITTITAS COUNTY, GENE DANA, TRACY WILSON, AARON LANGVIN, JEFF BEATON, JOHN KRAHENBUHL, ERIC NYLANDER, JEFF ST. JOHN, BETH SMITH,<br><br>    Defendants. | NO. CY-03-3115-LRS<br><br>**ORDER GRANTING THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

BEFORE THE COURT are the Ellensburg Defendants'[1] Motion for Summary Judgment (Ct. Rec. 11) and the Kittitas County Defendants'[2] Motions for Summary Judgment (Ct. Rec. 23). Such motions were noted for hearing on March 9, 2004. The Court previously determined that oral argument was not warranted and proceeds accordingly to determine this motion without

---

[1] The "Ellensburg Defendants" are City of Ellensburg, Scott Willis, Nelson Ng, and Anne Kirkpatrick.

[2] The "Kittitas County Defendants" are Kittitas County, Gene Dana, Tracy Wilson, Aaron Langvin, Jeff Beaton, John Krahenbuhl, Eric Nylander, Jeff St.John, and Beth Smith.

ORDER ~ 1

oral presentation. Because all deadlines for response have passed, the Court will proceed based upon the facts and legal contentions set forth in the materials before the Court.[3]

The Defendants have filed two separate motions for summary judgment by which they seek to have the Plaintiff's case dismissed for various reasons including inadequate service of process, statute of limitations, collateral estoppel, and qualified immunity. Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of the case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end the case. When a Defendant makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), the Plaintiff cannot simply rely on what is alleged in the complaint. Instead, Rule 56(e) requires the adverse party to set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If no evidence is

---

[3] The Court has been informed that the Plaintiff called the District Clerks Office on March 8, 2004, requesting to have the present motions continued. No reasons for the same were provided and the Court notes that the pending motions were filed weeks ago. Local Rule 7.1 requires all motions to be made in writing, unless made during a hearing or trial. According to the Clerks Office, Plaintiff has admitted he has a copy of the local rules. There being no written request filed, the Court finds no reason to delay consideration of the motions presently before the Court.

ORDER ~ 2

submitted in opposition, summary judgment, if appropriate, may be granted.

Local Rules 7.1 and 56.1 of this court require that a party opposing a summary judgment motion file a responsive memorandum. The party opposing a summary judgment motion must also file a statement of specific facts which the party asserts establishes a genuine issue of material fact. According to Local Rule 7.1(c), after service, unless otherwise ordered by the court, one has eleven days in which to serve and file a responsive memorandum.

Furthermore, Local Rule 7.1(h)(5) provides that failure to timely file a response to a motion for summary judgment may be considered by the court as consent to entry of an order granting the motion for summary judgment. Pursuant to Local Rule 56.1(d), the failure to file a statement of specific facts in opposition to a motion for summary judgment allows the court to assume the facts as claimed by the moving party exist without controversy.

The defendants have come forward with specific facts set forth in affidavits and exhibits which they argue entitle them to summary judgment. The Ellensburg Defendants motion was filed on December 29, 2003 and the Kittitas County Defendant's motion was filed on January 30, 2003. As evidenced by the declarations of service, Plaintiff was served via mail to his last known address by the Ellensburg Defendants on December 24, 2003, and again on December 29, 2003, when Plaintiff apparently refused service on the first attempt and had the pleadings returned to the Defendants. Plaintiff was also served via mail to his last known address by the Kittitas County Defendants on January 30, 2004.

ORDER ~ 3

1 Plaintiff, who is proceeding pro se, has not responded to either
2 Defendants' motion and the deadline for any response has passed.
3 Although the Court reads a pro se plaintiff's pleadings liberally, <u>pro
4 se status does not excuse a failure to comply with the procedural
5 requirements mandated by both the Federal Rules of Civil Procedure and
6 the Local Rules of this district</u>. Pursuant to Local Rule 7.1(h)(5), the
7 Court considers the Plaintiff's failure to oppose the Defendants' motions
8 for summary judgment as consent to the entry of judgment as a matter of
9 law in favor of the Defendants.

10 Furthermore, the Defendants have demonstrated that dismissal of this
11 case would be otherwise be appropriate. Plaintiff's complaint alleges
12 the county and city individual and municipal defendants violated his
13 civil rights during the course of and after arresting and incarcerating
14 him on June 3, 2000, for disorderly conduct, a charge he was later
15 convicted of. Plaintiff also alleges several state law claims including
16 false arrest, false imprisonment, and excessive use of force. However,
17 as Defendants have evidenced by their pleadings, Plaintiff has failed to
18 properly effectuate service of the individual defendants named in this
19 lawsuit; Plaintiff's state law tort claims are barred by the applicable
20 two-year statute of limitations; and Plaintiff's federal claims fail as
21 he cannot establish the necessary elements to support § 1983 or §1985
22 liability in this case, including the deprivation of a constitutionally
23 protected right.

## CONCLUSION

25 The Ellensburg Defendants and the Kittitas County Defendants are
26 entitled to judgment as a matter of law. There is no genuine issue of

ORDER ~ 4

1 | material fact that would allow a jury to find in favor of the Plaintiff.
2 | The Ellensburg Defendants' Motion for Summary Judgment (Ct. Rec. 11) and
3 | the Kittitas County Defendants' Motion for Summary Judgment (Ct. Rec. 23)
4 | are hereby **GRANTED**.

**IT IS SO ORDERED.**

The District Court Executive is directed to file this Order, provide copies to the parties, and close the file.

DATED this 16th day of March, 2004.

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER ~ 5